```
                                    FILED ___ LODGED
                                 ___ RECEIVED ___ COPY
         UNITED STATES DISTRICT COURT
              DISTRICT OF ARIZONA          MAY 2 1 2012

                                      CLERK U S DISTRICT COURT
                                         DISTRICT OF ARIZONA
                                       BY_____ DEPUTY
```

BURT FEUERSTEIN and
JANET SHALWITZ
1625 East Claremont Street
Phoenix, Arizona 85016
        Plaintiffs,

    -vs-

THE HOME DEPOT U.S.A., INC.
2711 Centerville Road, Suite 400
Willmington, Delaware 19808

GORILLA LADDER COMPANY
7677 Equitable Drive
Eden Prairie, MN 55344

TRICAM INDUSTRIES, INC.
7677 Equitable Drive
Eden Prairie, MN 55344

TREX COMPANY, INC.
160 Exeter Drive
Winchester, VA 22603
and
A.B.C. CORP.
        Defendants

**COMPLAINT**

**CV 12-01062-PHX-JWS**

**JURY TRIAL DEMANDED**

---

COMES NOW, the Plaintiffs, Burt Feuerstein and Janet Shalwitz, by and through the undersigned counsel as and for their Complaint against the above named Defendants respectfully states the following:

**PARTIES**

1. That the Plaintiffs, Burt Feuerstein and Janet Shalwitz, are each natural persons, residents, and citizens of Phoenix, Arizona.

2. That the Defendant, the Home Depot U.S.A., Inc., is a foreign corporation organized and existing under the laws of the State of Delaware. This Defendant is authorized to do

1

business in Arizona and actually does conduct business in the State of Arizona and within the jurisdiction of this District Court.

3. That the Defendant, Gorilla Ladder Company, is a foreign corporation organized and existing under the laws of the State of Minnesota. This Defendant is authorized to do business in Arizona and actually does conduct business in the State of Arizona and within the jurisdiction of this District Court.

4. That the Defendant, Tricam Industries, Inc., is a foreign corporation organized and existing under the laws of the State of Minnesota. This Defendant is authorized to do business in Arizona and actually does conduct business in the State of Arizona and within the jurisdiction of this District Court.

5. That the Defendant, Trex Company, Inc., is a foreign corporation organized and existing under the laws of the State of Virginia. This Defendant is authorized to do business in Arizona and actually does conduct business in the State of Arizona and within the jurisdiction of this District Court.

6. Defendant, Gorilla Ladder Company (hereinafter "Gorilla") designs, manufactures, and sells commercial and residential ladders throughout the United States.

7. Gorilla is authorized to do business in the State of Arizona and maintains an office for the transaction of business in the State of Arizona.

8. Gorilla places its ladders in interstate commerce, including commerce in the State of Arizona.

9. Gorilla has transacted a continuous and substantial amount of business in the State of Arizona and regularly solicits business in the State of Arizona.

10. Gorilla is engaged in a continuous and regular course of conduct in the design, distribution, retailing, transportation and sale of its ladders in the State of Arizona.

11. Gorilla derives substantial revenue from the sale of its ladders in the State of Arizona.

12. Gorilla has committed tortuous conduct in the State of Arizona by placing their defective products into the stream of interstate commerce, resulting in the serious, permanent, and painful injury to a resident of Arizona.

13. Gorilla should reasonably expect to be subject to the laws and courts of the State of Arizona.

14. Defendant, Tricam Industries, Inc. (hereinafter "Tricam") designs, manufactures, and sells commercial and residential ladders throughout the United States.

15. Tricam is authorized to do business in the State of Arizona and maintains an office for the transaction of business in the State of Arizona.

16. Tricam places its ladders in interstate commerce, including commerce in the State of Arizona.

17. Tricam has transacted a continuous and substantial amount of business in the State of Arizona and regularly solicits business in the State of Arizona.

18. Tricam is engaged in a continuous and regular course of conduct in the design, distribution, retailing, transportation and sale of its ladders in the State of Arizona.

19. Tricam derives substantial revenue from the sale of its ladders in the State of Arizona.

20. Tricam has committed tortuous conduct in the State of Arizona by placing their defective products into the stream of interstate commerce, resulting in the serious, permanent, and painful injury to a resident of Arizona.

21. Tricam should reasonably expect to be subject to the laws and courts of the State of Arizona.

22. That Defendant, Trex Company, Inc. (hereinafter "Trex") designs, manufactures, and sells decking material throughout the United States, and specifically in the State of Arizona.

23. Trex is authorized to do business in the State of Arizona and maintains an office for the transaction of business in the State of Arizona.

24. Trex places its decking materials in interstate commerce, including commerce in the State of Arizona and has transacted a continuous and substantial amount of business in the State of Arizona.

25. Trex regularly solicits business in the State of Arizona and is engaged in a continuous and regular course of conduct in the design, distribution, retailing, transportation, and sale of its decking material in the State of Arizona.

26. Trex derives substantial revenue from the sale of its decking material in the State of Arizona.

27. Trex has committed tortuous conduct in the State of Arizona by placing their defective products into the stream of commerce resulting in the serious, permanent, and painful injury to a resident of the State of Arizona.

28. Trex should reasonably expect to be subject to the laws and courts of the State of Arizona.

29. That the Home Depot U.S.A., Inc. (hereinafter "Home Depot") is in the business of retail and commercial sale of home improvement products, which include decking products manufactured by Defendant Trex and ladders manufactured by Defendants Gorilla and Tricam, throughout the United States.

30. Home Depot is authorized to do business in the State of Arizona and maintains an office for the transaction of business in the State of Arizona.

31. Home Depot places Gorilla and Tricam ladders and Trex decking into interstate commerce including commerce in the State of Arizona through sales to the general public.

32. Home Depot has transacted a continuous and substantial amount of business in the State of Arizona and regularly solicits business in the State of Arizona.

33. Home Depot is engaged in a continuous and regular course of conduct in the sale, distribution, retailing, transportation, and marketing of its products including Trex decking and Gorilla and Tricam ladders in the State of Arizona.

34. Home Depot derives substantial revenue from the sale of Trex decking and Gorilla and Tricam ladders in the State of Arizona.

35. Home Depot has committed tortuous conduct in the State of Arizona by selling defective products and placing defective products into the stream of interstate commerce resulting in the serious, permanent, and painful injury to a resident of Arizona.

36. Home Depot should reasonably expect to be subject to the laws and courts of the State of Arizona.

37. That A.B.C. Corp. is an entity whose identity is currently unknown, who may have relevance to these proceedings and may be a liable party, and who may have placed a role in the design, manufacture, or sale of the defective products outlined herein.

## JURISDICTION AND VENUE

38. Jurisdiction over the claims set forth herein is conferred by 28 U.S.C. §1332 et seq., in that there is complete diversity between and among the parties, and the amount in controversy exceeds the sum of Seventy-five thousand dollars ($75,000.00) exclusive of costs, interests, and attorney's fees. Jurisdiction is exercised herein pursuant to 15 U.S.C. § 2301, et.seq. in that Plaintiffs are consumers who have been injured by the subject defendants and their products, and the amount in controversy exceeds the sum of Twenty five thousand dollars ($25,000.00).

39. Venue is proper in that all of the events giving rise to the Plaintiff's claims occurred in the State of Arizona. 28 U.S.C. §1391.

## FACTS

40. The Plaintiff, Burt Feuerstein, was injured on May 8, 2011, when he was, properly and with due care, using a ladder manufactured by Gorilla and Tricam, sold by Home Depot, and placed upon decking material manufactured by Trex and sold by Home Depot.

41. The Plaintiff arranged the ladder as instructed and placed it against a portion of his house to assist in performing certain work. Plaintiff's injury occurred as the ladder slipped out from underneath him, losing traction with the decking material that it had been placed upon. The ladder fell to the ground, which caused Plaintiff to be thrown to the ground suffering serious, painful, and permanent injuries.

42. As a result of these injuries, Plaintiff Burt Feuerstein has incurred substantial medical expenses, which are likely to continue. Additionally, Burt Feuerstein continues to suffer from pain and discomfort, which prevents him from performing his daily activities and leaves him disabled.

43. That at all relevant times herein, the ladder was being used by the Plaintiff in a foreseeable manner as prescribed by the Defendants, and was being used for purposes for which it was intended.

### AS AND FOR A FIRST CAUSE OF ACTION – STRICT LIABILITY

44. The Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 43 of the Complaint as if same were fully set forth herein.

45. The ladder was designed by Defendant Gorilla and Tricam in a manner that made it defective and unreasonably dangerous because the feet on the ladder caused it to slip away from the place it had been properly rested.

46. The ladder was unreasonably defective at the time it left the possession and control of each of the Defendants, Gorilla and Tricam and Home Depot, which defects include but are not limited to the failure of the anti-slip pads on the ladder legs from contacting the lower supporting surface under normal conditions, or contacting the lower supporting surface in improper and ineffective ways. This defect was known to the Defendants jointly and

separately prior to the Plaintiff purchasing the ladder from Home Depot and prior to the Defendants inclusion of this product into the stream of commerce.

47. As a result of the ladder's defects, the Plaintiff suffered severe physical and mental pain and injury for which Plaintiff has incurred expenses and medical attention. Therefore, demand is hereby made against the Defendants, jointly and severally, for an amount to be determined by a jury upon the trial of this matter.

## AS AND FOR A SECOND CAUSE OF ACTION - STRICT LIABILITY

48. The Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 47 of the Complaint as if same were fully set forth herein.

49. The decking material on which the ladder was placed, was designed and manufactured by Defendant Trex and sold by Defendant Home Depot in a manner that made it defective and unreasonably dangerous in that it offered ineffective slip resistance when used in the manner in which it was intended.

50. The decking material was unreasonably defective at the time that it left the possession and control of each of the Defendants, Trex and Home Depot. The defective nature of the decking includes but is not limited to a failure to meet industry standards for slip resistance. This defect was known to the Defendants jointly and separately prior to the Plaintiff purchasing the Trex decking from Home Depot and prior to the Defendants inclusion of this product into the stream of commerce.

51. As a result of the defects in the Trex decking, the Plaintiff suffered severe physical and mental pain and injury for which he has incurred significant expenses. Therefore, the Plaintiff demands judgment against the Defendants jointly and severally for an amount to be determined by a jury upon the trial of this matter.

## AS AND FOR A THIRD CAUSE OF ACTION –

## VIOLATION OF STATUORY OBLIGATIONS

52. The Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 51 of the Complaint as if same were fully set forth herein.

53. The Plaintiffs are "consumer[s]," as defined by 15 U.S.C. §2301(3).

54. The Ladder as well as the Trex decking material that caused Plaintiff's injury are each a "consumer product," as defined by 15 U.S.C. §2301(1).

55. Each of the Defendants is a "supplier" of consumer products, as defined by 15 U.S.C. §2301(4).

56. Each of the Defendants is a "warrantor" of consumer products, as defined by 15 U.S.C. §2301(5).

57. As a result of the above, the Defendants are bound by the Magnuson-Moss Act, 15 U.S.C. §2301, et. seq.

58. That a written warranty was provided by Gorilla and Tricam with the sale of the ladder, which provided that the ladder was free of defects and able to be used under normal conditions.

59. That Defendants Gorilla and Tricam attempted to avoid the warranty of merchantability and fitness through their written warranty, in violation of the Magnuson-Moss Act.

60. That a written warranty was provided by Trex with the sale of the Trex decking material, which provided that it was free of defects and able to be used under normal conditions.

61. That Home Depot supplied the products and reaffirmed the warranties to the Plaintiff with the sale of the ladder and Trex decking material.

62. The Defendants each violated the terms of their written warranties.

63. The Plaintiffs have been damaged by Defendants, joint and several, failure to comply with its obligations under its written warranty and the implied warranty of merchantability.

64. Accordingly, the Plaintiffs respectfully request entry of judgment in their favor and against Defendants providing the following relief:

   a) Declaring that Defendants have each materially breached the express and implied warranties applicable to their products and violated the Magnuson Moss Warranty Act;

   b) Awarding compensatory, consequential, incidental and punitive damages in an amount to be determined at trial;

   c) Awarding costs, including reasonable attorney's fees, as provide by 15 U.S.C. §2310(d)(2).

**AS AND FOR A FOURTH CAUSE OF ACTION – BREACH OF IMPLIED WARRANTY**

65. The Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 64 of the Complaint as if same were fully set forth herein.

66. That the Defendants, jointly and separately, each impliedly warranted that their product was of merchantable quality, fit, safe, and in proper condition for the ordinary use for which the product was designed and used.

67. That in reliance on this warranty of merchantability by the Defendants, the Plaintiff purchased the ladder and the Trex decking.

68. That the ladder and the Trex decking were unfit for the ordinary purposes for which they were used, in that their use caused the ladder to slip and caused the Plaintiff to fall and become injured.

69. That the Defendants additionally impliedly warranted their products were fit for use as a ladder and as decking material respectively and that the ladder and decking material respectively were safe and suitable instruments to be used for the purpose in which the Plaintiff utilized same.

70. In purchasing and using the ladder and decking material from the Defendants, the Plaintiff relied on the Defendants skill, judgment, and expertise and relied on the warranty of fitness for the particular purpose for which the Plaintiff purchased and utilized the products.

71. The products were not, in fact, fit for the uses intended and this failure on behalf of the Defendants was a proximate cause of the Plaintiff's injuries.

72. Therefore, the Plaintiff demands judgment against the Defendants, jointly and severally, in an amount to be determined by a jury upon the trial of this matter.

## AS AND FOR A FIFTH CAUSE OF ACTION - NEGLIGENCE

73. The Plaintiff re-alleges, repeats, and incorporates by reference paragraphs 1 through 72 of the Complaint as if same were fully set forth herein.

74. That the Defendants Gorilla and Tricam and Trex were negligent in designing their respective products because they failed to design their products so that a ladder would not slip away when the ladder was placed on Trex decking material. Additionally, each Defendant named in this action was negligent in failing to warn the Plaintiff that the feet of the Gorilla ladder would slip away when the ladder was placed upon Trex decking.

75. That the Defendants jointly and separately owed a duty to the Plaintiff, who was a foreseeable user of the Defendants products. The Defendants breached their duty to the Plaintiff, failed to use reasonable care and were negligent including but not limited to: in failing to adequately warn foreseeable users of the inherent risks associated with using their

products separately, and in connection with one another when the Defendants knew, or should have known, of these risks; in failing to use reasonable care in designing a safe product free from inherent dangers; in failing to supervise or carry out inspections of their respective products to ensure a safe product was manufactured and sold to foreseeable users; in failing to adequately instruct foreseeable users on how to properly use their products separately and in connection with one another; in selling, leasing, or otherwise putting their respective products into the stream of commerce when same was in a defective condition and unreasonably dangerous to users and consumers.

76. That the Defendants acts and omissions were the proximate cause of the Plaintiff's injuries.

77. The Plaintiff was an intended user of the respective products of the Defendants and was in a class of persons Defendants should have reasonably expected to be subject to the harm caused by their defective products.

78. The Defendants each, jointly and severely, sold and directed or otherwise put their products into the stream of commerce.

79. That the Defendants products were expected to and did reach the Plaintiff without substantial alteration of the conditions of which the Defendants respectively manufactured and sold the products.

80. Therefore, the Plaintiff demands judgment be entered against the Defendants, jointly and severally, for an amount to be determined by a jury upon the trial of this matter.

## AS AND FOR A SIXTH CAUSE OF ACTION – FAILURE TO WARN

81. The Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 80 of the Complaint as if more fully set forth herein.

82. That the Defendants, and each of them, failed to properly package or label their products with reasonable warnings about the dangers of their products to the Plaintiff. The Defendants knew or had reason to know that their product was likely to be dangerous when used in the manner employed by the Plaintiff, which was an anticipated and expected use. The Defendants had no reason to believe that the Plaintiff would have realized or otherwise been aware of the dangerous condition.

83. The Defendants failed to give reasonable and complete instructions about the proper use of their products, separately and in connection with each other.

84. The Defendants, jointly and severely, could have made those warnings or instructions available to the Plaintiff and other consumers through reasonable diligence.

85. That the failures to properly warn the Plaintiff of the defective nature of the products were a proximate cause of the Plaintiff's injuries and damages.

86. Therefore, the Defendants are, jointly and severally, liable to the Plaintiff and the Plaintiff hereby demands judgment against the Defendants jointly and severally for an amount to be determined by a jury upon a trial of this matter.

### AS AND FOR A SEVENTH CAUSE OF ACTION – PUNITIVE DAMAGES

87. That the Plaintiff re-alleges, repeats, and incorporates by reference paragraphs 1 through 86 as if same were more fully set forth herein.

88. That the Defendants, each of them, and collectively, were aware of the defective nature of their products and failed and refused to redesign their products, take their products out of interstate commerce or warn the Plaintiff and other consumers of the defective nature of their products when used independently and in connection with each other's products.

89. That the Defendants made a conscious decision to disregard its knowledge of prior complaints and injuries resulting directly from the defects, which caused the Plaintiff's injuries.

90. That as a result of the Defendant's joint and several breaches of duty as herein set forth, the Defendants actions under the circumstance constitute gross negligence and conscious disregard for the safety of the Plaintiff for which the Plaintiff is therefore entitled to an awarded of punitive damages.

91. Therefore, the Plaintiff hereby demands punitive damages against the Defendants, jointly and severally, for an amount to be determined by a jury upon the trial of this matter.

### AS AND FOR AN EIGTH CAUSE OF ACTION - LOSS OF SERVICES / CONSORTIUM

92. That the Plaintiff re-alleges, repeats, and incorporates by reference paragraphs 1 through 91 as if same were more fully set forth herein.

93. That at all times herein mentioned, Janet Shalwitz was and remains the lawful wife of Plaintiff Burt Feuerstein.

94. That Plaintiff, Janet Shalwitz, solely as a result of the Defendants' negligence, has sustained injuries and damages as follows:

   a.   She has been required to perform certain services that were previously performed by Burt Feuerstein which Janet Shalwitz would not have been required to perform had it not been for the Defendants' negligence;

   b.   That she has suffered injuries and losses because of and as a result of the Defendants' negligence and has been deprived of the reasonable value of the services that were previously performed by Burt Feuerstein which, but for the negligence of the Defendants,

would not have been eliminated and therefore, Plaintiff Janet Shalwitz demands judgment for a reasonable value of said services;

95. That the injuries that have been sustained by Plaintiff Janet Shalwitz include the loss of normal affection and the loss of sexual relations, as well as the loss of services and consortium which are incident to marriage. Such injuries were caused as a result of the Defendants' negligence and therefore, Plaintiff Janet Shalwitz demands judgment against the Defendants, jointly and severally, in an amount that will reasonably and adequately compensate her for said injuries.

**WHEREFORE,** the Plaintiffs demand judgment in their favor against the Defendants, jointly and severally, awarding compensatory, consequential, incidental, and punitive damages in an amount to be determined by a jury upon the trial of this matter, and in accordance with relevant life expectancy tables for:

a. Judgment on each of the causes of action detailed above, in an amount to be awarded by a jury;
b. The reasonable value of the pecuniary losses sustained by the Plaintiff;
c. General damages for the Plaintiff's permanent, painful injuries and disfigurements including damages for past and future physical pain, mental anguish, inconvenience, loss of enjoyment of life, and other associated physical and mental injuries;
d. All past and future medical expenses including but not limited to hospitalization, physical therapy, prescriptions, medical devices, and other prescribed medical treatment;
e. Nursing and other associated expenses;
f. Past and future lost earnings;
g. Loss of benefits;

h. Compensation for permanent disability;

i. Impairment of earning ability and potential;

j. Past and future pain and suffering;

k. Loss of enjoyment of life;

l. Special and consequential damages;

m. An award of punitive damages;

n. Attorney's fees, costs, and disbursements associated with this action, along with interest from the date of Plaintiff's injuries;

o. Together with any and all other and further relief that this Court may deem just and proper in the premises.

DATED: May 4, 2012

Respectfully submitted,
FEUERSTEIN & SMITH, LLP

BY: _____
Alan R. Feuerstein, Esq.
*Attorneys for Plaintiffs*
Office and P. O. Address
475 Delaware Avenue
Buffalo, New York 14202-1303
(716) 856-9704 Telephone
(716) 856-9707 Facsimile
and
Post Office Box 502008
St. Thomas, USVI 00805-2008
(340) 777-6325 Telephone and Facsimile
fsllp@aol.com
fsllpvi@aol.com

# VERIFICATION

STATE OF ARIZONA            )
CITY OF PHOENIX      ) ss:

BURT FEUERSTEIN, being duly sworn deposes and says: that deponent is the Plaintiff in the within action; that deponent has read the foregoing Complaint and knows the contents thereof; that the same is true to the best of deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as those matters deponent believes it to be true.

_____
BURT FEUERSTEIN

Sworn to before me this 4th
day of May 2012.

_____
Notary Public/Commissioner of Deeds



OLETTA MOORE
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
My Commission Expires
April 14, 2014

-------------------------------------------------------------------------

# VERIFICATION

STATE OF ARIZONA            )
CITY OF PHOENIX      ) ss:

JANET SHALWITZ, being duly sworn deposes and says: that deponent is the Plaintiff in the within action; that deponent has read the foregoing Complaint and knows the contents thereof; that the same is true to the best of deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as those matters deponent believes it to be true.

_____
JANET SHALWITZ

Sworn to before me this 4th
day of May 2012.

_____
Notary Public/Commissioner of Deeds

OLETTA MOORE
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
My Commission Expires
April 14, 2014