UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Burt Feuerstein and<br>Janet Shalwitz, | ) )<br>) | |
| Plaintiffs, | ) )<br>) | 2:12-cv-1062 JWS |
| vs. | ) )<br>) | ORDER AND OPINION |
| The Home Depot, U.S.A., Inc., *et al.*, | ) )<br>) | [Re: Motion at docket 102] |
| Defendants. | ) ) | |

## I.  MOTION PRESENTED

At docket 102 plaintiffs Burt Furestein and Janet Shalwitz ("Plaintiffs") seek leave to file certain exhibits in electronic format.  Defendants The Home Depot, U.S.A., Inc. ("HD") and Tricam Industries, Inc. ("TI") (collectively "Defendants") respond at docket 103.  Defendant Trex Company Incorporated ("Trex") did not respond to the motion.  Plaintiffs' reply is at docket 104.  Oral argument was not requested and would not be helpful to the court.

## II.  BACKGROUND

Plaintiffs' amended complaint alleges that Burt Fuerstein was injured on May 8, 2011, when a ladder slipped from beneath him.  The ladder was manufactured by TI

and sold by HD.  Plaintiffs allege that the ladder slipped while set up on decking manufactured by Trex which was also sold by HD.  The gravamen of Plaintiffs' several claims is that the ladder slipped because of defective design of the ladder's feet, defective warnings or instructions, and defective design of the Trex decking's surface.

### III.  DISCUSSION

The motion at docket 102 seeks leave to file three items in electronic format: Exhibit 4-16; a video recording by Plaintiffs' expert Herbert Weller; Exhibit 4-17, a second video recording by Weller; and Exhibit 6, a three-part animation based on the testimony and reports from Plaintiffs' experts.  Defendants' response at docket 103 opposes the filing of Exhibit 6, but does not address Exhibits 4-16 and 4-17.  This is not to say that Defendants concede the admissibility of testimony or video from Plaintiffs designated experts, Weller and Jay Preston.  Defendants have filed separate motions *in limine* directed at Messrs. Weller and Preston.[1]  The court's analysis of the motion at docket 102 has been further narrowed by Plaintiffs' withdrawal of their request to file Exhibit 4-17 in electronic format.[2]  Electronic copies of Exhibits 4-16 and 6 have been provided to the court for its review.

An examination of Exhibit 6 shows that it consists of very simple animated displays of events which Weller opines caused the ladder to slide and the fall which Plaintiffs' claim was caused by the slippage.  The animations are exceedingly simple and do not go beyond what Weller contends happened.  The court agrees with

---

[1] Dockets 84 and 86.

[2] Doc. 110.

Plaintiffs' argument that the animations in Exhibit 6 are nothing more than demonstrative evidence intended to illustrate what Weller says happened. The court further agrees that the person who prepared the animation, Scott J. Taylor of Tetra Animations, is not being used as an expert witness by Plaintiffs. His function is for present purposes no different than that of a photographer, videographer or person preparing a chart or summary of information in evidence. Assuming without deciding that Weller's testimony will be admitted, Exhibit 6 could then be used, but it would have no independent probative value. It would be Weller's testimony and other relevant evidence which would be considered by the finder of fact. Furthermore, as to the animations themselves, the jury may be instructed that they are not themselves evidence and that if they do not correctly reflect the facts surrounding the placement and use of the ladder as those facts are found by the, jury then the animations are to be ignored.[3]

## IV.  CONCLUSION

For the reasons above the motion at docket 102 is **GRANTED** as follows: Plaintiffs' Exhibits 4-16 and 6 may be submitted to the Clerk of Court in electronic format and shall thereupon become part of the record in this case. Plaintiffs shall promptly present these items to the Clerk of Court.

DATED this 21st day of March 2014.

/S/<br>
JOHN W. SEDWICK<br>
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] *Cf.,* Ninth Circuit Manual of Model Jury Instructions, Civil, Instruction No. 2-12.